## Case No. 12,284.

SAMSON v. BLAKE et al.

[6 N. B. R. 401.] [1]

Circuit Court, D. Vermont. 1873.

BANKRUPTCY—APPEAL—SUMMARY PROCEEDINGS—JURISDICTION.

An assignee obtained an order of the district court, requiring the bankrupt and certain other parties to deliver to him property belonging to said bankrupt. From this order an appeal was taken to the United States circuit court, in form and manner prescribed by the eighth section of the bankrupt act. The assignee moved to dismiss the appeal on the ground that the proceedings in the district court were summary, and could only be reviewed by summary petition, and, therefore, not a case for an appeal under the eighth section of the bankrupt act. *Held,* that although the appeal might be irregular, the district court had jurisdiction, and from the evidence was justified in making the decree appealed from. Decree affirmed with costs.

[Appeal from the district court of the United States for the district of Vermont.]

In bankruptcy.

WOODRUFF, Circuit Judge. This proceeding was commenced by a petition of the assignee that the respondents deliver to the assignee certain property alleged to be of the bankrupt, and which it was alleged had been subjected by him. through the form of a sale under executions against him. to an apparent transfer to the respondents or some of them, not only in fraud of the bankrupt law, but in part also to cover and conceal the property to defraud his creditors; and praying that the respondents show cause why the property mentioned should not be delivered to the assignee. The respondents severally showed cause by answers to the petition, denying most of the allegations tending to show fraud, and issue was joined by the assignee upon those answers, and the questions in dispute were tried before the Hon. W. D. Shipman, district judge for Connecticut, holding the district court temporarily in the place of the resident judge. He made an order or decree, requiring the bankrupt and Lester M. Clark and Blake. to deliver the property in question to the assignee. The parties last named have appealed to this court, in the form and manner prescribed by the eighth section of the bankrupt law. The assignee moved to dismiss the appeal. on the ground that the proceeding in the district court was summary. and could only be reviewed by summary petition to this court for a review of the proceedings, and that it was not a case for an appeal under the eighth section. The appellants insist that, although not formally commenced by process of subpœna as a suit, yet the defendants could and did appear and answer without such process, and the petition and the proceedings on showing cause and on the trial and order thereupon were in all material characteristics a suit in equity, and that the proper mode of bringing the

[1] [Reprinted by permission.]

matter before circuit court was by appeal under the said eighth section. The motion was argued and reserved, and the case was heard upon the merits, reserving the question raised by the motion.

Upon examination of the case upon the allegations and proofs, I am so fully satisfied that the conclusions of the judge of the district court were correct, that I deem it quite unnecessary to say anything upon the point of form raised by the motion to dismiss. Nor do I deem it necessary to discuss the subject at length. The opinion delivered by Shipman, J., presents it with great fullness and particularity, and I should do little more than repeat his views, if I were to state more fully my own. Giving to the appellants the full benefit of their claim on this appeal that the proceeding in the district court should be regarded as a bill in equity, proceeding upon pleadings and proof to final decree, the transfer to the defendant, Blake, was in both the aspects presented by the district judge void as against the assignee. The appellants are, therefore, in this court in this dilemma: if the proceedings below be regarded as summary and in professed exercise of the summary power conferred by the first section of the act, then they have not brought the matter into this court for review as a summary proceeding; and whether the order of the district court was in that form of proceeding a legal and proper order is not before me. If, on the other hand, the proceeding below was, as the appellants insist it was, a suit in equity under the second section, then their appeal is regular, but in that view of the proceeding the jurisdiction and power of the district court in the premises is unquestionable, and, as above stated, the proofs in my judgment warranted the decree.

The decree should, therefore, be affirmed with costs.

SAMSON v. BLAKE.  See Case No. 2.802.